IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVON WHITE, | § | |
| | § | No. 385, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. N2212005964 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: January 9, 2025
Decided: March 4, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Devon White, filed this appeal from his sentencing for a violation of probation ("VOP").  The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.  We agree and affirm.

(2)     On October 7, 2023, White resolved multiple charges by pleading guilty to strangulation[1] and terroristic threatening.  The charges arose from conduct

---

[1] According to the plea agreement, White pleaded guilty to strangulation as a class D felony.  *See* 11 *Del. C.* § 607(b)(1) (effective Aug. 4, 2022, to present) (providing that strangulation is a class

that occurred on December 13, 2022. The Superior Court sentenced White as follows: for strangulation, effective December 14, 2022, eight years of imprisonment, with credit for twenty-eight days served, suspended after two years for one year of Level III probation with GPS monitoring; and for terroristic threatening, one year of imprisonment, suspended for one year of Level III probation.

(3) On June 28, 2024, a probation officer filed an administrative warrant alleging that White had violated probation. The VOP report alleged that White was released from prison at 10:20 a.m. on June 27, 2024, fitted with a GPS monitor. Approximately an hour and a half later, at 11:57 a.m., White cut off the monitor and absconded from the state.

(4) At the VOP hearing, White admitted the VOP and the Superior Court adjudicated White to be in violation of probation. The probation officer explained that White's rapid removal of his GPS monitor caused an "uproar," prompted officers to assist White's victim with finding alternate housing while White's location was unknown, and led to a "long manhunt involving six different agencies" across state lines. White was eventually located in Pennsylvania and returned to Delaware. The officer stated that while searching for White officers listened to his

---

D felony, unless certain aggravating facts make it a class B felony). The sentencing range for a class D felony is zero to eight years in prison. 11 *Del. C.* § 4205(b)(4).

2

prison phone calls and learned that "he basically had this whole plan when he got out to do exactly what he did, cut [the monitor] off and flee." The officer stated that there had also been threats toward White's victim and her family. White requested leniency, stating that his conduct in prison was good; his father had recently died; he was from New York and did not have family or other support in Delaware; and he had requested to be released to Level IV Plummer Center, where he could receive employment and housing assistance, but had been denied because GPS monitoring is not permitted at Plummer Center.

(5) The court sentenced White as follows: for strangulation, five years and two months of imprisonment, suspended after three years for six months at Level IV DOC Discretion, followed by one year of Level III probation with GPS monitoring; for terroristic threatening, one year of imprisonment, suspended after six months for one year of Level III probation. On appeal to this Court, White argues that the Superior Court should have imposed a lower sentence because he told the probation officer that he had nowhere to live in Delaware but was not provided reentry services, and the sentence exceeded the sentencing guidelines established by the Sentencing Accountability Commission ("SENTAC"). He does not claim that he did not violate probation.

(6)   "It is well-established that appellate review of sentences is extremely limited."[2]   Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3]   If the sentence falls within the statutory limits, we consider only whether it is based on factual predicates that are false, impermissible, or lack minimal reliability; judicial vindictiveness or bias; or a closed mind.[4]   When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]

(7)   White does not assert that the Superior Court imposed more Level V time than remained on his original sentences.   The SENTAC guidelines are non-binding and do not provide a basis for appeal if the sentence falls within prescribed statutory limits.[6]   Moreover, the sentencing judge found aggravating factors, including a continued threat to the victim of White's crimes, repetitive criminal conduct, and flagrant defiance of the court's authority.   White has not established any basis to conclude that his VOP sentences exceeded the Level V time remaining on his original sentences or are otherwise subject to reversal.

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[3] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[4] *Kurzmann*, 903 A.2d at 714.
[5] 11 *Del. C.* § 4334(c).
[6] *Mayes*, 604 A.2d at 845.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice